## Pifer and Pifer, Appellants, *v.* Beals.

Submitted October 25, 1932.

Before TREXLER,
P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE,
STADTFELD and PARKER, JJ.

*N. F. Womer*, for appellants.

*Ross H. Pentz*, and with him *W. C. Pentz* and *John J. Pentz*, for appellee.

OPINION BY KELLER, J., January 25, 1933:

The plaintiffs furnished building materials to one Shrauger, the contractor who was erecting a new house for the defendant, but was not paid. They filed no mechanic's lien against the property, but two years after the materials were furnished brought this action in assumpsit against the owner of the house. They based their right of action on an alleged assumption of liability made on behalf of defendant by his attorney, contained in a letter written, nearly a month before the time for giving notice of intention to file a mechanic's lien had expired. The letter is as follows:

"Dr. C. W. Beals has requested us to make a settlement between him and Dewey Shrauger for the work done in building his house.

"In order to complete the settlement we would like

to have an itemized statement of all material and labor which you have furnished for his house at Sabula. It is our intention to ask you to sign a release of liens, at which time we expect to pay you in full, and for that reason we desire an itemized statement of your account." The plaintiffs complied with the request and sent an itemized bill the next day.

The defendant filed an affidavit of defense raising a question of law, under section 20 of the Practice Act of 1915, P. L. 483, which the court below ruled in his favor, and holding that it disposed of the whole claim, entered judgment for the defendant. The plaintiffs appeal.

A careful reading of the letter relied on fails to disclose any definite promise or agreement on behalf of the defendant to pay the plaintiffs' claim, or any request on his part to the plaintiffs to withhold the filing of a lien or the taking of the necessary legal steps to enforce their rights.

It sets forth the employment of the writer to effect a settlement with the contractor, requests the furnishing of an itemized bill by plaintiffs, and expresses an intention at some time in the future to ask plaintiffs to sign a release of liens, at which time he expected to pay them in full, but it does not amount to a definite promise or agreement to pay plaintiffs' claim or to an assumption of liability for its payment.

The plaintiffs knew that as sub-contractors—if they desired to preserve and enforce their claim against the building—it was necessary for them to give the owner notice of their intention to file a mechanic's lien within a certain time, and thereafter to file the lien within the time fixed by law and do the other things required to hold the building liable for the payment of their claim. They could not put off taking those necessary steps beyond the limit fixed by law without losing the security they afforded; nor could the claim be changed

from a liability in rem against the building to a personal liability of the owner by anything short of a definite promise or agreement by, or on behalf of, the owner to pay the claim. The letter relied on contained no such promise or agreement. It did not even ask the plaintiffs to withhold or delay any of the steps necessary to enforce their rights against the building. If the plaintiffs were lulled into inaction it was because of their own failure to comprehend the plain import of the language of the letter. If and when the defendant asked the plaintiffs to sign a release of liens, he then expected to pay their claim in full; but it was incumbent on the plaintiffs, in the meantime, to preserve their lien or rights against the building by taking the steps required by law.

The judgment is affirmed.